UNITED ELECTRICAL WORKERS OF AMERICA, ET AL., PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Court No. 93–11–00719

(Dated December 28, 1994)

*Collier, Shannon, Rill & Scott (Paul D. Cullen, Jeffrey S. Beckington* and *David C. Smith. Jr.)* for plaintiffs United Electrical Workers of America, Independent; International Brotherhood of Electrical Workers; International Union of Electronic, Electrical, Salaried, Machine and Furniture Workers, AFL-CIO; and Industrial Union Department, AFL-CIO.

*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Rhonda K. Schnare), Priya Alagiri,* Attorney Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Akin, Gump, Strauss, Hauer & Feld (Warren E. Connelly* and *Margaret L. H. Png)* for defendant-intervenors Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

OPINION

RESTANI, *Judge:* This matter is before the court on a motion for further remand. The determination at issue is *Color Television Receivers from Korea; Final Results of Antidumping Duty Administrative Review,* 58 Fed. Reg. 50,333 (Sept. 27, 1993).

By remand order of July 5, 1994, the United States Department of Commerce was directed to calculate an adjustment for value added tax ("VAT") according to a revised methodology. Plaintiffs now object to that aspect of the calculation whereby U.S. price was increased by an amount for duty drawback prior to application of the VAT rate. *Avesta Sheffield, Inc. v. United States,* Slip Op. 94–53 (Mar. 31, 1994), the only case on point, approved this methodology.[1] Plaintiffs demonstrated no error in that opinion. Accordingly, the remand determination at issue is sustained.

---

[1] Contrary to plaintiff's contention, this case is published and will appear in the official United States Court of International Trade Reports, Vol. 18. Also, *Federal-Mogul Corp. v. United States,* Slip Op. 94–136 (Aug. 26, 1994) did not present the issue at hand.